PEARSON, J.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| AGUSTIN NUNEZ-REYNOSO, | ) | |
| | ) | CASE NO.  4:18CV115 |
| Petitioner, | ) | |
| | ) | |
| v. | ) | JUDGE BENITA Y. PEARSON |
| | ) | |
| STEVEN MERLAK, | ) | |
| | ) | **MEMORANDUM OF OPINION AND** |
| Respondent. | ) | **ORDER** |

*Pro se* Petitioner Agustin Nunez-Reynoso, an inmate currently incarcerated in the Federal Correctional Institution in Elkton, Ohio, has filed a Petition for a Writ of *Habeas Corpus* pursuant to 28 U.S.C. § 2241.  ECF No. 1.  For the reasons, that follow, his petition is denied.

## I. Introduction

Petitioner asserts his due process rights were violated in connection with a disciplinary determination made against him for fighting another inmate while he was housed at another federal correctional institution.  When this occurred, he was sanctioned with loss of 27 days of good time credit.  The Petition and attached exhibits indicate that a Disciplinary Hearing Officer (DHO) found Petitioner guilty of fighting with another inmate on July 23, 2015.  The decision was based on memos from the investigative report and photos and medical evidence, and video footage showing the two inmates exchanging punches.  *See* ECF No. 1-1 at PageID #: 12.

Petitioner claims he was deprived of due process in two ways.  First, he contends the DHO incorrectly concluded Petitioner participated in the fight for two reasons: (1) the video did

(4:18CV115)

not show him throwing a closed-fist punch as the DHO found and (2) the other inmate involved was not injured.  Second, Petitioner contends his due process rights were violated because he was not afforded a Spanish/English interpreter in the disciplinary process.  He asserts that he "speaks Spanish with little English," and that should have been afforded a Spanish/English interpreter as he was in "pre-trial hearings" in his federal criminal case.  ECF No. 1 at PageID #: 4.

Petitioner seeks restoration of his 27 days of good time credit.

## II.  Standard of Review

Federal district courts must undertake a preliminary review of *habeas corpus* petitions to determine "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief."  Rule 4 of the Rules Governing *Habeas Corpus* Cases Under Section 2254 (applicable to §2241 petitions based on Rule 1(b)).  If so, a petition must be summarily dismissed.  *See Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) (holding that the district court has a duty to "screen out" habeas corpus petitions that lack of merit on their face).  No response is necessary when a petition is frivolous, obviously lacks merit, or the necessary facts can be determined from the petition itself without consideration of a response.  *Id*.

## III.  Analysis

Upon review, the Court finds that the Petition must be summarily dismissed.

Federal courts have a very limited ability to review the determinations of prison disciplinary boards.  Per *Superintendent v. Hill*, 472 U.S. 445, 455 (1985), a federal court must uphold a disciplinary board's determination as consistent with due process as long as there is "some evidence" in the record to support the board's decision.  "Some evidence" is a lenient

(4:18CV115)

standard. See Webb v. Anderson, 224 F.3d 649, 652 (7th Cir. 2000). It "does not require examination of the entire record, independent assessment of the credibility of witnesses, or weighing of the evidence." Hill, 472 U.S. at 455. Rather, the standard is satisfied where "there is any evidence in the record that could support the conclusion reached by the disciplinary board," id. at 455-56, even when the evidence used against the prisoner "might be characterized as meager" or when there is no direct evidence linking him to the conduct charged. Id. at 457.

Although Petitioner contends the DHO incorrectly found him guilty of fighting with the other inmate because the video evidence on which the DHO relied did not specifically show him throwing a "closed fist" punch and because the other inmate involved showed no signs of injury, "some evidence" still existed to support the DHO's determination that Petitioner was guilty of fighting. In particular, the DHO found the video footage showed the two inmates exchanging punches. This is sufficient evidence to satisfy due process with respect to the disciplinary determination made.

Due process also requires that a prisoner in disciplinary proceedings be given certain procedural protections, namely: (1) written notice of the charges against him at least twenty-four hours in advance; (2) an opportunity, when consistent with institutional safety and correctional goals, to call witnesses and present documentary evidence in his defense; and (3) a written statement by the fact-finders as to the evidence relied on and the reasons for the disciplinary action taken. Wolff v. McDonnell, 418 U.S. 539, 564-67 (1974). Underlying these requirements is the principle that the prisoner "be able to comprehend the nature and subject of the proceedings" against him and be afforded a language interpreter if it is necessary for him to do

3

(4:18CV115)

so. See *McBride v. Michigan Department of Corrections*, Case No. 15-11222, 2015 WL 13221229, at *11 (E. D. Mich. Oct. 30, 2015), *adopted by* 2016 WL 1156740 (E.D. Mich. Mar. 24, 2016). In this case, however, the Petition's exhibits make patent that Petitioner understood the 2015 disciplinary charges against him and that he fully participated in the process of contesting those charges, in English, without requesting the assistance of an interpreter. *See, e.g.,* ECF No. 1-1 at PageID #: 11-19. Accordingly, despite Petitioner's conclusory assertions in his Petition that he "speaks Spanish with little English" and was afforded an interpreter during some pre-trial proceedings in his federal criminal case, the exhibits to his Petition belie any plausible claim that his due process rights were violated on the basis he was not provided a Spanish/English interpreter.

### IV.  Conclusion

For all of the foregoing reasons, the Petition in this case is denied and this action is dismissed pursuant to Rule 4 of the Rules Governing *Habeas Corpus* Cases. Further, the Court certifies, pursuant to 28 U.S.C. §1915(a)(3), that an appeal from this decision could not be taken in good faith.

IT IS SO ORDERED.

| June 25, 2018 | /s/ Benita Y. Pearson |
|---|---|
| Date | Benita Y. Pearson |
| | United States District Judge |